IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| COUNTRY MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CASE NO. 2:19-CV-881-WKW [WO] |
| JOHN P. GOLDMAN, JR., TRACEY GOLDMAN, ADDISON MORGAN, and MITCHELL G. SMITH, and HANNAH M. POSTMA, individually and as parents and next friends of RTS, a minor, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In this insurance declaratory judgment action, Plaintiff Country Mutual Insurance Company has moved for default judgments against its insured, Defendant John P. Goldman, Jr., and against Defendants Tracey Goldman and Addison Morgan (collectively, "defaulting Defendants"). (Doc. # 20.) The motion is accompanied by a memorandum of law. (Doc. # 21.) Because the entry of default judgments raises the potential for inconsistent judgments between the defaulting Defendants and the non-defaulting Defendants (Mitchell G. Smith and Hannah M. Postma), the motion is due to be denied without prejudice.

## I. JURISDICTION AND VENUE

The court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a)(1) and 2201.  Personal jurisdiction and venue are not contested.

## II. BACKGROUND

Tragically, on October 10, 2018, an infant died from a lethal dose of Benadryl while being cared for at a home daycare facility operated by Defendants John P. Goldman, Jr., Tracey Goldman, and Addison Morgan.  For their roles in the death, Tracey Goldman and Addison Morgan were indicted on charges of manslaughter and criminally negligent homicide.  (Doc. # 1, ¶¶ 10–13.)

On October 10, 2018, a home insurance policy, issued by Country Mutual in the name of John P. Goldman, Jr., was in effect for the residence where the infant was administered the lethal dose of Benadryl.  Through a letter dated in February 2019, an attorney notified Defendant Tracey Goldman that the parents of the deceased child—Mitchell G. Smith and Hannah M. Postma—had retained the law firm to represent them in connection with the wrongful death.  Country Mutual received a copy of that letter.  (Doc. # 1, at ¶¶ 14–18.)

In November 2019, Country Mutual filed this action seeking a declaratory judgment that it owes no duties of defense or indemnification for any claims asserted against the Goldmans and Morgan arising out of the infant's death.  Country Mutual

alleges that there is no "covered occurrence" and that several policy exclusions preclude coverage. (Doc. # 1, at ¶¶ 21–27.)

Smith and Postma filed an answer, denying the allegations of non-coverage under the policy. (Doc. # 14.) The defaulting Defendants failed to answer or otherwise respond. The Clerk of the Court entered their default on March 4, 2020. (Doc. # 18.)

### III. DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default and default judgment. When a defendant "fails to plead or otherwise defend" and the plaintiff demonstrates that failure, the clerk must enter the defendant's default. *See* Fed. R. Civ. P. 55(a). After the entry of default, a plaintiff "must apply to the court for a default judgment," except in limited circumstances not applicable here. Fed. R. Civ. P. 55(b)(2). While Rule 55(b) provides the court power to enter a default judgment, the court's decision to exercise that power is discretionary. *See Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985) ("The entry of a default judgment is committed to the discretion of the district court.").

Here, the possibility of inconsistent judgments justifies the discretionary denial of Country Mutual's motion for default judgment. *See K.J.C. by & through Pettaway v. City of Montgomery*, No. 2:17-CV-91-ALB, 2019 WL 4941105, at *7 (M.D. Ala. Oct. 7, 2019) ("The Court's decision to grant default judgment is

discretionary, and the Court must use that discretion to avoid inconsistent judgments."); *Global Aerospace, Inc. v. Platinum Jet Mgmt, LLC*, No. 09-60756-CIV, 2009 WL 3400519, at *4–5 (S.D. Fla. Oct. 20, 2009) ("Courts have recognized . . . that in certain circumstances a default judgment is inappropriate if it results in inconsistency among judgments[,]" and they "routinely withhold default judgments declaring that an insurance policy is inapplicable until the claims against the defendants who appear in the action are adjudicated." (citation and internal quotation marks omitted) (collecting cases); *State Farm Fire & Cas. Co. v. Nokes*, No. 2:08-CV-312, 2010 WL 679057, at *2 (N.D. Ind. Feb. 23, 2010) ("[C]ourts have recognized that if an entry of default judgment against a defendant in a multi-defendant action could result in inconsistent judgments, entry of default judgment prior to adjudication of the merits of the case with regard to the nondefaulting defendants may be improper." (citation and internal quotation marks omitted) (collecting cases).

Default judgments at this juncture would create the potential of incongruous judgments being reached against the defaulting and non-defaulting Defendants concerning the exact same issue of coverage under the home insurance policy. Accordingly, the court exercises its discretion to decline to enter default judgments against the defaulting Defendants prior to the adjudication of the declaratory judgment claim on its merits against the non-defaulting Defendants.

The denial of Country Mutual's motion does not give the defaulting Defendants any leeway to defend this action. They remain in default and are not entitled to notice of filings or of hearings, and they cannot appear or present evidence. *See, e.g.*, *Penn-Am. Ins. Co. v. Architectural Railings & Grilles, Inc.*, No. 5:15-CV-118-RH/GRJ, 2015 WL 12582636, at *1 (N.D. Fla. Dec. 17, 2015) (The defendant "is in default and thus has lost his right to participate, . . . but entry of judgment will await a determination of the merits of [the plaintiff's] claims against the other defendants.") (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)).

## IV. CONCLUSION

Based on the foregoing, it is ORDERED that Plaintiff Country Mutual Insurance Company's motion for default judgment (Doc. # 20) is DENIED without prejudice, with leave to refile after a determination on the merits of this declaratory judgment action as to the non-defaulting Defendants.

DONE this 2nd day of April, 2020.

                                                           /s/ W. Keith Watkins
                                        UNITED STATES DISTRICT JUDGE